*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-438

MAY TERM, 2015

| | | |
|---|---|---|
| Timothy S. Johnson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Green Mountain Power Corporation | } | DOCKET NO. 791-12-12 Wrcv |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's order granting summary judgment to defendant Green Mountain Power Corporation (GMP) on his breach-of-contract claim. We affirm.

Plaintiff filed his complaint against GMP on December 24, 2012. He alleged that on December 18, 2012, GMP agreed to install an electrical line extension to benefit his home for a certain sum, which he paid GMP, and that as of December 24, 2012, he remained without electricity. In January 2013, plaintiff moved for a default judgment against GMP. He argued that GMP failed to answer his complaint. GMP responded that, as court records showed, it had in fact responded to plaintiff's complaint by filing an answer and a notice of appearance with the court via its electronic filing system on January 23, 2013. It also sent a copy of the answer to plaintiff. Plaintiff subsequently filed a motion suggesting that GMP had "back-dated" its answer to avoid default. The court denied plaintiff's motions, finding that plaintiff's request did not comply with Vermont Rule of Civil Procedure 55 and that GMP had in fact filed an answer to his complaint. Shortly thereafter, plaintiff moved for a default judgment again on the same grounds, and the court denied his request, explaining that it had already ruled on this issue. In June 2013, plaintiff filed a request for sanctions based on GMP's alleged default. The court denied this motion as well, explaining again that this issue already had been addressed.

GMP subsequently moved for summary judgment. Plaintiff filed materials in response, which the court construed as his response to GMP's motion. In a November 2014 entry order, the court granted summary judgment to GMP. It explained that GMP had submitted a statement of undisputed facts under Civil Rule 56 along with supporting documents. Plaintiff did not file "a separate and concise statement of undisputed material facts or a separate and concise statement of disputed facts, consisting of numbered paragraphs with specific citations to particular parts of materials in the record" as required by Civil Rule 56(c)(1)(A). Thus, GMP's facts were deemed admitted. Based on the undisputed facts, the court concluded that GMP was entitled to judgment as a matter of law. It found that plaintiff failed to demonstrate either the material terms of the contract with respect to the due date of the work to be performed, or that GMP breached the contract. It thus granted judgment to GMP. This appeal followed.

Plaintiff argues that the court should have granted his motion for default judgment. He maintains that GMP submitted back-dated court documents to avoid default. Plaintiff also asserts that he was entitled to judgment in his favor because GMP did not initiate installation of electrical service until nine days after the contract was signed. Plaintiff maintains that GMP was obligated to start the installation on the day the contract was signed.

We find no error. We begin with plaintiff's motion for a default judgment. Civil Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." GMP did not fail to defend itself here. The record shows that GMP was served with plaintiff's complaint on January 4, 2013. Pursuant to Civil Rule 12(a)(1)(A), its answer was due by January 24, 2013. On January 23, 2013, GMP filed its answer electronically. Under the Vermont Rules for Electronic Filing, "[a] filing is considered submitted on a date if it is submitted prior to midnight on that date." V.R.E.F. 4(c). After a filing is submitted, it is reviewed for compliance with the rules and either accepted or rejected. V.R.E.F. 4(e). If it is accepted, "the date and time of filing for all purposes under the applicable rules of procedure are the date and time that the original filing was submitted." Id. The record shows that GMP's answer was timely filed on January 23, 2013, and it was processed and accepted on January 28, 2013. GMP filed its answer within the time allowed, and plaintiff's request for a default judgment was properly denied.

GMP was also entitled to summary judgment in its favor. The contract between plaintiff and GMP did not provide a date by which work must begin or a date by which it must be completed. It is undisputed that GMP completed the work on December 31, 2012, thirteen days after the contract was signed and twelve days after GMP deposited plaintiff's check. Plaintiff suggests that because GMP did not "refute" his assertion that GMP could not arbitrarily pick a "start date" for its construction, plaintiff must prevail. Plaintiff appears to misunderstand that he bears the burden of persuasion on his claim. Under Rule 56, when the burden of persuasion is on the nonmoving party, the moving party may support its summary judgment motion (and satisfy its burden of production) by indicating an absence of record evidence in support of a claim. To survive summary judgment, the nonmoving party then must come forward with evidence of a triable issue. Clayton v. Unsworth, 2010 VT 84, ¶ 16, 188 Vt. 432. It is not enough for plaintiff to simply say that GMP failed to "disprove" his claim. Because plaintiff failed to show any breach of the parties' agreement, the court properly granted summary judgment to GMP.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice